```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

JEFF LEPPANEN, #M0764
                                                                                                                  PLAINTIFF

VERSUS                                   CIVIL ACTION NO.  4:05cv154TSL-AGN

CHRISTOPHER EPPS, LARRY GREER,
FAYE NOEL, AND WILLIE H. BOOKERT                        DEFENDANTS

<u>OPINION and ORDER</u>

    On September 27, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested <u>in forma pauperis</u> status. On September 28, 2005, this court entered an order which advised the plaintiff about the Prison Litigation Reform Act and directed him to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within 30 days. The plaintiff was warned in that order that if he failed to comply with the order in a timely manner this case might be dismissed.

    When the plaintiff failed to comply, an order to show cause was entered on November 22, 2005, directing the plaintiff to respond on or before Tuesday, December 6, 2005, and explain why this case should not be dismissed for his failure to comply with this court's order of September 28, 2005.  Once again, the plaintiff was warned that if he did not comply with the order his case would be dismissed without prejudice and without further

notice to him.  According to the court record, the plaintiff has failed to comply with the orders of this court.

Therefore, it is apparent from the plaintiff's failure to comply with the orders or to communicate otherwise with this court that he lacks interest in pursuing this claim.  This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   5th   day of January, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE